CLOSED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID A. ALLEMON, JR., | Case No. 04-72925 |
| Plaintiffs, | DISTRICT JUDGE<br>ARTHUR J. TARNOW |
| v. | |
| EMILE BAIR, individually and as Constable, PARVIN LEE, JR., JOAN KILLION, CHESTER KOOP, ALLISON KALCEC and ALLAN T. MOTZNY. | MAGISTRATE JUDGE<br>MONA MAZJOUB |
| Defendants. | FILED<br>JUL 15 2005<br>CLERK'S OFFICE<br>U.S. DISTRICT COURT<br>EASTERN MICHIGAN |



## ORDER GRANTING DEFENDANT ALLISON KALCEC'S MOTION TO DISMISS [8], GRANTING DEFENDANT KOOP'S MOTION TO DISMISS [13], GRANTING DEFENDANT BAIR'S MOTION TO DISMISS [21], GRANTING DEFENDANTS LEE, KILLION, AND MOTZNY'S MOTION TO DISMISS [25], AND DENYING DEFENDANTS' MOTION FOR SANCTIONS [26]

### I. BACKGROUND

This civil rights case involves the issuance of a $100 ticket to Plaintiff for violating a township ordinance. On August 2, 2002, a state district court issued a default judgment against Plaintiff on the ticket. Plaintiff unsuccessfully appealed the default judgment to the Oakland County Circuit Court and the Michigan Court of Appeals.

Defendants' have filed separate motions to dismiss Plaintiffs complaint.

Allemon v. Bair, et al.<br>No. 04-72925

Defendants Lee, Killion and Motzny have also filed a motion for sanctions. The Court has reviewed the parties pleadings and exhibits, including the video clips submitted by Plaintiff. Based on the pleadings and exhibits, the Court finds that the pending motions are proper for determination without oral argument.

For the reasons that follow, Defendants' motions to dismiss will be GRANTED, and Defendants' motion for sanctions will be DENIED.

## II. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421(6th Cir. 1998), *citing Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied*, 498 U.S. 867 (1990). In *Scheuer v. Rhodes*, the Supreme Court described the test as follows:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

Allemon v. Bair, et al.
No. 04-72925

*Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The Court should liberally construe the complaints of *pro se* plaintiffs and should not hold such complaints to the same stringent standard as formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520; 92 S.Ct. 594; 30 L.Ed.652 (1972). *Pro se* complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 10; 101 S.Ct. 173; 66 L.Ed. 163 (1980). However, it is not the role of the court to guess the nature of the claims asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6thCir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

### III. DISCUSSION

### A. PLAINTIFF'S CLAIMS

Because this order is being written for the benefit of the parties, the Court will not repeat the facts of the case here. The Court will address each of Plaintiff's claims in turn.

**1.**

Plaintiffs first claim is that he was deprived of his right to "give evidence" in violation of § 1981. The elements of a claim under § 1981 are:

(1) [that plaintiff] is a member of a racial minority
(2) intent to discriminate on the basis of race by defendants;
(3) discrimination concerning one or more of the activities enumerated in

3

Allemon v. Bair, et al.<br>No. 04-72925

the statute

*Brown v. Philip Morris*, 250 F.3d 789, 797 (3rd Cir. 2001).

As a white male, plaintiff clearly fails to state a claim under § 1981 because he is not a member of a racial minority and cannot demonstrate any intent on the part of defendants to discriminate on the basis of race.

In addition, there is no basis for proving that Plaintiff was denied the opportunity to present evidence in the underlying state litigation. Plaintiff refused to cooperate with the district judge's orders, which offered him an opportunity to demonstrate compliance with the township ordinance. Following the default judgment, Plaintiff filed a 48 page appeal brief in Oakland County Circuit Court. Therefore, Plaintiff's § 1981 claim will be DISMISSED.

## 2.

Plaintiff's second claim seeks relief under § 1983 for unreasonable searches and seizures and deprivation of due process. Paragraph 37 of Plaintiff's clarifies that he seeks to invalidate the default judgment based on these alleged constitutional violations:

> 37. Plaintiff argues that the default judgment should not have been entered because there was a genuine issue of material fact regarding the existence of state action under either the public function test or the nexus test.

Amended Complaint at ¶ 37.

Allemon v. Bair, et al.
No. 04-72925

Plaintiff's § 1983 claims are barred by the Rooker-Feldman doctrine because they seek to invalidate the default judgment entered by the state district court. The Rooker-Feldman Doctrine bars lower federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments...and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, ---U.S.----, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

Also, Plaintiff's search and seizure claim is barred by the statute of limitations. The applicable statute of limitations for § 1983 actions arising in Michigan is three years. *Wolfe v. Perry*, ---F.3d----, 2005 WL 1503805, *5 (6th Cir. June 27, 2005). The statute "begins to run at the time of the injury, when plaintiff becomes aware of the unconstitutional action. *Id.*

In this case, the events giving rise to Plaintiff's search and seizure claim occurred on January 23, 2001, when Constable Bair conducted a warrantless search of Plaintiff's property and issued a citation for violation of the Township ordinance. Plaintiff filed his federal lawsuit on August 2, 2004, more than three and a half years after the alleged unconstitutional action. Plaintiff's search and seizure claim is barred by the statute of limitations.

Plaintiff's due process claim is barred by collateral estoppel. The doctrine provides that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based

2:04-cv-72925-AJT-MKM   Doc # 28   Filed 07/15/05   Pg 6 of 14   Pg ID 572

Allemon v. Bair, et al.
No. 04-72925

on a different cause of action involving a party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 153 (1979). Collateral estoppel applies when:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation,
> (2) the issue was actually litigated and decided in the prior action,
> (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation,
> (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and
> (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Wolfe, supra* at *7.

Oakland County Circuit Court Judge Steven Andrews affirmed the default judgment after reviewing Plaintiff's 48 page brief and rejecting the argument that the judgment violated his rights to due process. Judge Andrews' opinion and order stated:

> Defendant argues there will be manifest injustice if the Default Judgment is allowed to stand. The record and Defendant's own brief on appeal reflect that Defendant was afforded all aspects of due process of law, and given every opportunity to comply with the Rose Township Ordinance and trial court order. Defendant chose to disregard the court order. This court finds no manifest injustice.

Circuit Court Order at 4.

Collateral estoppel prevents the Court from second-guessing the judgment of the Oakland County Circuit Court. Therefore, Plaintiff's § 1983 claim will be DISMISSED.

Allemon v. Bair, et al.
No. 04-72925

### 3.

Plaintiff's third claim alleges a conspiracy among Defendants in violation of 42 U.S.C. § 1985. To prevail on a claim under 42 U.S.C § 1985, the plaintiff must prove:

(1) a conspiracy;

(2) for the purpose of depriving, either directly or indirectly, any person or class of person of equal protection of the laws, or of equal privileges and immunities under the laws;

(3) an act in furtherance of the conspiracy;

(4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (internal citations omitted).

In addition, "the language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions. *Id*. (citing *Griffin v. Breckenridge*, 403 U.S. 88 (1971)).

In this case, Plaintiff alleges a conspiracy among all the defendants to cover up Defendant Bair's perjury and prevent Plaintiff from testifying and presenting evidence to the state court. Based on pure conjecture, Plaintiff claims that Defendants held several meetings during which they hatched a scheme to

7

Allemon v. Bair, et al.<br>No. 04-72925

persecute Plaintiff and violate his civil rights.

Viewing the record and pleadings in the light most favorable to Plaintiff, there is no suggestion of any racial or class-based animus to support Plaintiff's §1985 claim. Thus, even if Plaintiff could prove his far-fetched allegations of a conspiracy among Rose Township officials and the defendant attorneys, he could not prevail on his § 1985 claim. Plaintiff's § 1985 claim will be DISMISSED.

### 4.

Plaintiff's fourth claim alleges that Defendants neglected to prevent the discriminatory conspiracy in violation of 42 U.S.C. § 1986. 42 U.S.C. § 1986 allows damages actions against persons who fail or neglect to prevent a § 1985 conspiracy, despite their knowledge of a such a conspiracy and their power to prevent it.

In this case, Plaintiff cannot prove the existence of a § 1985 conspiracy. Therefore, his § 1986 claim will be DISMISSED.

### 5.

Plaintiff's fifth claim is under 42 U.S.C. § 1988, which allows the court to award attorneys fees and costs to prevailing civil rights plaintiffs. § 1988 does not provide an independent cause of action. Because Plaintiff cannot prevail on his civil rights claims, he cannot obtain attorneys fees under § 1988. Therefore, Plaintiff's claim under § 1988 will be DISMISSED.

Allemon v. Bair, et al.
No. 04-72925

### 6.

Plaintiff's sixth claim alleges violations of his procedural and substantive due process rights. As discussed above, Plaintiff's due process claims are barred by collateral estoppel because Oakland County Circuit Judge Steven Andrews held that the proceedings against Plaintiff comported with due process. Therefore, Plaintiff's due process claims will be DISMISSED.

### 7.

The seventh claim in Plaintiff's amended complaint presents a bare bones fraud and misrepresentation pleading. As pleaded, Plaintiff's fraud claim fails to satisfy Fed. R. Civ. P. 9(b), which provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b).

In addition, the events giving rise to Plaintiff's fraud and misrepresentation claim occurred more than three years prior to the filing of Plaintiff's federal complaint, and are therefore barred by the statute of limitations.

The Court has parsed Plaintiff's complaint for substantive allegations of fraud or misrepresentation. However, the Court cannot reasonably conclude that Plaintiff states a claim for fraud and misrepresentation against Defendants. The parties agree that the elements of a fraud or misrepresentation claim are:

9

Allemon v. Bair, et al.
No. 04-72925

(1) the defendant made a material representation;

(2) it was false;

(3) the defendant knew it was false when made, or made it recklessly, without knowledge of its truth and as a positive assertion;

(4) it was made with the intention to induce reliance by the plaintiff;

(5) the plaintiff acted in reliance upon it; and

(6) the plaintiff thereby suffered injury

*State-Williams Partnership v. Gale*, 425 N.W.2d 756, 761; 169 Mich. App. 170 (1988).

The essence of Plaintiff's fraud and misrepresentation claim is that Defendant Bair misrepresented the facts of his inspection on January 23, 2001 by averring that he witnessed several vehicles on Plaintiff's property. Plaintiff claims he was injured by the misrepresentation because the district court entered a default judgment against him for violating the township ordinance.

Even if Plaintiff is correct that Defendant Bair made a material representation to Plaintiff as to the condition of Plaintiff's property on January 23, 2001, there is no suggestion in the complaint or in the record that such a misrepresentation induced Plaintiff to act in reliance on it. Plaintiff's fraud and misrepresentation claim should be DISMISSED.

### 8.

Plaintiff's eighth claim alleges a violation of the clean hands doctrine. The cleans hand doctrine is "a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Rose v. National Auction Group, Inc.*, 646 N.W.2d 455, 463; 466 Mich. 453 (2002) (internal citation omitted).

The clean hands doctrine is a defense to an equitable action. It does not provide an independent cause of action for damages or equitable relief. Therefore, Plaintiff's claim for violation of the clean hands doctrine will be DISMISSED.

### 9.

Plaintiff's ninth claim is for obstruction of justice. Plaintiff's complaint does not describe the basis for his "obstruction of justice" claim. However, the Court is not aware of any authority that would support a tort action for obstruction of justice. Therefore, Plaintiff's claim for "obstruction of justice" will be DISMISSED.

### 10.

The elements of a malicious prosecution claim under Michigan law are:

(1) the defendant has initiated a criminal prosecution against the plaintiff;

(2) the criminal proceedings terminated in the plaintiff's favor;

2:04-cv-72925-AJT-MKM Doc # 28 Filed 07/15/05 Pg 12 of 14 Pg ID 578

Allemon v. Bair, et al.
No. 04-72925

(3) the private person who instituted or maintained the prosecution lacked probable cause for his actions; and

(4) the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice.

*Walsh v. Taylor*, 689 N.W.2d 506, 516-17; 263 Mich. App. 618 (2004) (internal citation omitted).

In this case, there is no dispute that the underlying proceedings did not terminate in Plaintiff's favor. Therefore, his claim for malicious prosecution should be DISMISSED.

### 11.

Plaintiff's eleventh claim is for gross negligence. Plaintiff claims that Defendant Bair owed him a duty to tell the district court that he committed perjury by stating that he witnessed several vehicles on Plaintiff's property. According to Plaintiff, he "has identified the breach of a duty of Emile Bair to tell the court the truth that he did not have a search warrant to inspect the property on January 23, 2001."

Under Michigan law, gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." M.C.L. 691.1407(2)(c). To be actionable, the act of gross negligence must be the proximate cause of the plaintiff's injury, that is, "the one most immediate, efficient, and direct cause" preceding the injury. *Robinson v. Detroit*, 613 N.W.2d

2:04-cv-72925-AJT-MKM Doc # 28 Filed 07/15/05 Pg 13 of 14 Pg ID 579

Allemon v. Bair, et al.
No. 04-72925

307, 319; 62 Mich. 439 (2000).

In this case, even if the Court were to determine that Defendant Bair breached a duty to Plaintiff, there is no reason to believe that the injury to Plaintiff–the default judgment–was proximately caused by such breach. Plaintiff had a clear opportunity to cooperate with the district Judge in June of 2001. Plaintiff refused to cooperate with the district judge, who thereafter issued a default judgment against Plaintiff.

Under the circumstances, it cannot be said that Defendant Bair's inaction was the proximate cause of the default judgment. Therefore, Plaintiff's gross negligence claim will be DISMISSED.

## B. DEFENDANTS' MOTION FOR SANCTIONS

Under Fed. R. Civ. P. 11, the Court has discretion to impose sanctions against a party who presents any pleadings for an improper purpose, such as to harass or create a needless increase in the cost of litigation. In the Sixth Circuit, "the test for imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances. *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002).

In this case, Plaintiff appears to maintain an honest belief in his claims, despite their lack of merit. Under the circumstances, the Court cannot conclude that sanctions are warranted. Therefore, Defendants' motion for sanctions will be DENIED.

Allemon v. Bair, et al.
No. 04-72925

## IV. CONCLUSION

For the foregoing reasons, THE COURT HEREBY ORDERS AS FOLLOWS:

1. Defendants Kalcec's motion to dismiss [8] is GRANTED;

2. Defendant Koop's motion to dismiss [13] is GRANTED;

3. Defendant Bair's motion to dismiss [21] is GRANTED;

4. Defendants Lee, Killion, and Motzny's motion to dismiss is GRANTED;

5. Defendants Lee, Killion, and Motzny's motion for sanctions [26] is DENIED.

IT IS SO ORDERED.

s/ Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: JUL 15 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on            , by electronic and/or ordinary mail.

s/ [signature]
Case Manager